**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4063**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

PHILLIP GERRAD RUCKER,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   G. Ross Anderson, Jr., Senior
District Judge.   (8:08-cr-00628-GRA-2)

Submitted:  September 27, 2011       Decided:  October 17, 2011

Before DUNCAN and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed in part, affirmed in part by unpublished per curiam
opinion.

Beattie B. Ashmore, BEATTIE B. ASHMORE, P.A., Greenville, South
Carolina, for Appellant. Alan Lance Crick, Assistant United
States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip Gerrad Rucker appeals from his 120-month sentence imposed after we vacated his 262-month sentence and remanded for resentencing to permit Rucker to exercise his right to allocute. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but raising the following claims: (1) whether the district court erred in conducting the Fed. R. Crim. P. 11 hearing, (2) whether Rucker was properly determined to be a career offender, and (3) whether Rucker's sentence was substantively and procedurally reasonable. Although informed of his right to do so, Rucker has not filed a pro se supplemental brief. The Government also declined to file a brief.

In his first appeal, we ruled that Rucker's Rule 11 hearing was proper, and we affirmed Rucker's conviction. We also determined that Rucker was properly sentenced as a career offender. In this appeal, Rucker again challenges the Rule 11 hearing and the determination that he was a career offender. However, the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Because we expressly rejected these claims in Rucker's first appeal, they

2

are unreviewable at this time. As such, we dismiss these claims.

Rucker also questions whether his sentence was procedurally or substantively unreasonable although he offers no specific claims of error. We review a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to inspect for procedural reasonableness by ensuring that the district court committed no significant procedural errors, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). A reviewing court then considers the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51.

Here, the district court properly calculated Rucker's Guidelines sentence and then imposed a variance sentence substantially below the Guidelines range. Neither party objected to the variance or the Guidelines range, and the district court provided detailed reasoning supporting its decision. We find that the court set forth a sufficiently developed rationale to support the sentence, and there was no other procedural error.

Regarding the substantive reasonableness of Rucker's sentence, the district court sentenced Rucker to the minimum sentence permitted by statute. Such a sentence is per se reasonable. As such, no merit can be found in this aspect of Rucker's appeal. See United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008) (finding imposition of mandatory life sentence per se reasonable).

Pursuant to Anders, we have reviewed the entire record in the case and found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Rucker in writing of his right to petition the Supreme Court of the United States for further review. If Rucker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may motion this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rucker. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4